# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AUSTIN R. DAVENPORT, | : | Case No. 2:24-cv-2364 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANDY D. MILLER, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee at the Franklin County Correctional Center, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.[1] (Doc. 1). The petition is brought in connection with petitioner's pending criminal charges in Franklin County Court of Common Pleas, Case Number 2021-CR-5077. Petitioner asserts the following four grounds for relief, verbatim, in the petition:

> **GROUND ONE:** Prosecuting Jeffery M. Murphy, 0099387, the first named respondent presented a unsworn affidavit to the grand jury 12-3-2021 to get a indictment.
>
> **GROUND TWO:** Judge Andy D. Miller in case number 21CR0031796 failed to enforce the Franklin County Court Rules of Practice set into place to prevent unjust lengths of pretrial detention.
>
> **GROUND THREE:** Esra B. Ozturk PD attorney has failed to provide sufficient representation.
>
> **GROUND FOUR:** Georg Wharton is the prosecutor and Danel J. Cable is the prosecutor in my case.

---

[1] The petition was initially filed in the United States District Court for the District of Columbia, and was transferred to this Court on May 13, 2024. (*See* Doc. 5).

(Doc. 1 at PageID 6-7). As relief, petitioner seeks dismissal of the pending charges. (*Id.* at PageID 7).

On May 22, 2024, the undersigned issued an Order for petitioner to show cause why this action is not subject to dismissal for lack of exhaustion and because petitioner's requested relief—dismissal of the charges pending against him—is not properly brought in a pretrial § 2241 petition. (Doc. 6). Petitioner has not directly responded to the Order. He has, however, filed two motions "requesting a Crim. R. 48(B) pursuant to Crim. R. Evidentiary De Novo Review," reasserting his claim that his speedy trial rights have been violated. (*See* Doc. 7, 8).

As noted in the Court's prior Order, a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins*, 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here.[2] Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

Moreover, even assuming *arguendo* that extraordinary circumstances did exist to justify this Court's intervention in the ongoing state criminal proceedings, the petition would still fail because petitioner did not exhaust his available state court remedies before applying for federal habeas corpus relief. It appears from the Franklin County Clerk of Court online docket records

---

[2] As noted below, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the speedy trial claim in an effort to have the pending criminal charges dismissed.

that petitioner filed a motion to dismiss for speedy trial violations in case number 2021-CR-5077 on April 12, 2024. Although the trial court denied petitioner's motion on April 15, 2024, the record does not reflect that petitioner appealed the decision.[3] It therefore appears that petitioner has not exhausted his available state court remedies prior to filing the instant petition. *See, e.g., Rivers v. Kountz*, No. 4:22-CV-591, 2022 WL 2718833, at *2 (N.D. Ohio June 27, 2022) ("Pretrial detainees proceeding under Section 2241 'must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort.'") (quoting *Phillips v. Hamilton Cty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012)).

Moreover, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim in an effort to have the pending criminal charges dismissed. (*See* Doc. 1 at PageID 7). *See Atkins*, 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *Hairston v. Franklin Cnty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds.") (Report & Recommendation), *adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

---

[3] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?Tb3XevEzairnZkRUzRlU, under Case No. 21-CR-5077. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

In his motions filed after the May 22, 2024 Order to show cause, petitioner only argues the merits of his grounds for relief.  (*See* Doc. 7, 8).  Petitioner did not show that he exhausted his speedy trial claims in the Ohio courts or requested federal habeas relief in the form of an order requiring that he be promptly brought to trial.

Accordingly this action should be dismissed without prejudice for lack of exhaustion and because petitioner's requested relief is not properly brought in a pretrial § 2241 petition, *see Atkins,* 644 F.2d at 546-48.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED without prejudice** to refiling after petitioner has exhausted all available state court remedies.

2. Petitioner's pending motions "requesting a Crim. R. 48(B) pursuant to Crim. R. Evidentiary De Novo Review" (Doc. 7, 8) be **DENIED.**

3. A certificate of appealability not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.*  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   August 22, 2024                               */s/ Caroline H. Gentry*
                                                      Caroline H. Gentry
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).